# EXHIBIT A

**Law Office of Yasmin Estrella, LLC**
**Yasmin Estrella Esq., Attorney ID: 293142019**
8512 Kennedy Blvd Suite One
North Bergen, New Jersey 07047
Tel. (201) 681-2735
**Attorney for Plaintiff**

**Law Office of Tomas Espinosa**
**Tomas Espinosa, Esq., Attorney ID: 025691985**
8324 Kennedy Blvd. 2nd Floor
North Bergen, NJ 07047
Tel. (201) 223-1803
**Attorney for Plaintiff**

| | |
|---|---|
| Juan Estrella<br><br>Plaintiff<br><br>vs.<br><br>City of Union City,<br>Brian P. Stack individually and as Mayor of the City of Union City,<br>Nichelle Luster individual capacity and as Chief of Police of the City of Union City,<br>Union City Police Department<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – PASSAIC COUNTY<br>CIVIL ACTION<br><br>**DOCKET NO.**<br><br>**VERIFIED COMPLAINT**<br><br>**&  JURY DEMAND** |

Here comes Plaintiff Juan Estrella by his attorney Yasmin Estrella, Esq. and Tomas Espinosa, Esq. and by way of verified complaint and jury demand state and say:

1. This action seeks compensatory damages pursuant to 42 U.S.C. § 1983 based upon the continuous violations of the Plaintiff's rights under the equal protection and due process clause of the Fourteenth Amendment of the United States Constitution, Title VII of the Civil Rights Act, the New Jersey Law Against Discrimination, the New Jersey Law Against Employment Harassment, Legal Misrepresentation/Fraud, Breach of Contract,

and Intentional Infliction of Emotional Distress/ Psychological Injuries. Plaintiff alleges a continuing deprivation of Plaintiff's equal protection and due process right. Plaintiff alleges discrimination against a protected class in violation of several State and Federal statutes. Plaintiff further alleges breach of contract, tort causes of action, legal misrepresentation/fraud and intentional infliction of emotional distress and psychological injuries.

## PARTIES

2.  Plaintiff, Juan Estrella ("Plaintiff" or "Officer Estrella"), a dark skin individual with the national origin from the Dominican Republic, who currently resides in the Borough of Hawthorne, County of Passaic, State of New Jersey.   At all times relevant to this Complaint, Plaintiff was and is still employed by defendants as a Police Officer by Union City Police Department, Hudson County, New Jersey.

3.  Defendant, City of Union City is a municipality within the County of Hudson, State of New Jersey with main office at 3715 Palisade Avenue in Union City, New Jersey.

4.  Defendant, Union City Police Department is located at 3715 Palisades Avenue, Union City, New Jersey. Union City Police Department is within the County of Hudson, State of New Jersey.

5.  Defendant, Nichelle Luster, is a female Caucasian, who is the Chief of Police of the City of Union City Police Department with business address at 3715 Palisade Avenue, Union City, New Jersey.  Defendant is a party as the Chief of Police in Union City and in her personal capacity.

6.   Defendant, Brian P. Stack, a Caucasian, who is named as a defendant individually and as the Mayor of the City of Union City with business address at 3715 Palisade Avenue,

Union City, New Jersey.

**PRELIMINARY STATEMENT**

7.  Plaintiff, a dark skin officer with national origins from Dominican Republic has been
    employed by City of Union City for the past sixteen (16) years. Prior to working for the
    defendants, Officer Estrella worked for the Hudson County Corrections for Six (6) years.
    Officer Estrella has Twenty-Two (22) years of civil service to Hudson County.

8.  Officer Estrella has always received satisfactory performance evaluations. Officer
    Estrella is routinely involved in training newly hired police officers.

9.  At all relevant times, Plaintiff was employed by the defendants, City of Union City,
    Union City Police Department, Brian Stack, and Nichelle Luster.

10. Officers interested in the position of sergeant must take the Civil Service Promotional
    Examination. Officers are then ranked on a promotional list based on their scores and
    seniority.

11. On or about July 1, 2017, the Civil Service Commission announced on their website that
    a promotional examination would be administered on October 28, 2017.

12. Pursuant to the announcement, all individuals interested in participating in the
    promotional examination were required, to indicate their interest on or before July 27,
    2017.

13. On or about May of 2018, the Department issued a reading list for the promotional
    examination. Officer Estrella was ranked Thirteen (13) on the promotional list. Officer
    Estrella scored 88.570 on the examination.

14. Officer Nunez who ranked number Eleven (11) on the May 2018 promotional list was
    promoted to sergeant from the previous sergeant promotional list. As a result of Officer's

Nunez promotion, Officer Estrella was now ranked Twelve (12) in the sergeant's promotional list.

15. Between May of 2018 to present, all Eleven (11) officers ahead of Officer Estrella in the promotional list have been promoted to sergeant. All eleven (11) officers ahead of Officer Estrella were all light skinned and none are from the national origin of Dominican Republic.

16. On or about, August of 2021, one position for sergeant became available. On or about February of 2022, another position for sergeant became available. As of February 2022, two (2) positions for sergeants became available for promotion.

17. Officer Estrella was first in line on the promotional list as of August 2021.

18. On or about August of 2021, Officer Estrella texted Chief Luster regarding his interest being promoted to the available sergeant position. At this time, Chief Luster insinuated that the promotional hold-up was due to Mayor Stack as if it was Mayor Stack whom had concerns regarding promoting him.

19. On or about September 27, 2021, Officer Estrella and Mayor Stack met to discuss Officer Estrella's promotion. Contrary to what Chief Luster had stated on August of 2021, Mayor Stack informed Officer Estrella, that he in fact, would be promoted to the rank of Sergeant. Mayor Stack promised Officer Estrella that he would be promoted. Defendant, Mayor Stack hugged Officer Estrella and shook his hand after informing him that he in fact will be promoted.

20. On or about February 3, 2022, Mayor Stack called Officer Estrella once again but this time to inform him that Chief Luster did not want to promote him.  Mayor Stack directed Officer Estrella to speak to Chief Luster.

21. On or about February 9, 2022, Officer Estrella met with Chief Luster as directed by Mayor Stack. Chief Luster pretextually informed Officer Estrella that she would not promote him. Chief Luster informed Officer Estrella that she was not promoting him because of his disciplinary record. Instead, would promote the following two (2) officers ranked thirteen and fourteen on the promotional list. Both Officers being promoted were not from the national origin of Dominican Republic.

22. The Union City Police Department has disproportionally promoted Officers with major disciplinary records than Plaintiff. All officers with disciplinary records who were promoted were of light skin tone and not from the national origin of Dominican Republic.

23. On or about February 13, 2022, Mayor Stack once again called Officer Estrella to apologize for what had happened and offered his support to Officer Estrella. However, Mayor Stack has not taken any further action.

24. On or about February 24, 2022, Officer Luster emailed the department, informing the department of the promotion ceremony that will be held on March 4, 2022 for Officers Mauro Astudillo and Michael J. Flores. Officer Flores only has seven (7) years as an officer while Officer Estrella has twenty-two (22) years as an Officer.

25. Since 2018 when Chief Luster became the Chief of Police, defendant:

   a. Has disproportionately granted promotions to light skin police officers;

   b. Has disproportionally assisted in the decision-making for the promotion of light skin officers not from the national origin of Dominican Republic;

   c.  Has disproportionally assisted in the decision-making for the promotion of light skin officer not from the national origin of Dominican Republic with several disciplinary actions;

    d.  Has disproportionally promoted a light skin officer not from the national origin of Dominican Republic with major disciplinary actions and suspension;

    e.  Has continuously harassed the plaintiff since becoming Chief of Police.

26. Since 2014 when Chief Luster was then a Captain and assisted in decision-making and since 2018 when Chief Luster became the Chief of Police, Chief Luster has harassed plaintiff by suspending him without cause, without conducting a full investigation, in violation of the New Jersey Attorney General Guidelines AG Directive 2019-5, the internal affairs policy and procedures, and the agreement between the City of Union City and New Jersey State Policemen's Benevolent Association Union City Local Number 8. While failing to investigate or suspend questionable actions by other police officer of light skin tone and not of national origin of Dominican Republic.

27. On or about January 2016, Officer Estrella was involved in an accident in which he was hospitalized because a woman crashed her car on his leg. Due to the hospitalization, Officer Estrella went over the sick days given by the Defendant's Union City Police Department. Unbeknown to Officer Estrella, he was left with residual effects due to that accident.

28. On or about January of 2018, Officer Estrella was hospitalized for over two (2) weeks under life threatening conditions for the third time because Officer Estrella developed blood clots in his right leg from the accident he previously had. Once again Officer Estrella went over his sick days.

29. On or about January of 2017, Officer Estrella was hospitalized for over two (2) weeks under life threatening conditions because Officer Estrella developed blood clots on his left leg from the accident he previously had. Once again Officer Estrella again went over

6

his sick days. The doctor recommended for Officer Estrella to take 5 days off to recover from his medical condition.

30. On or about January of 2018, the Union City Police Department while Chief Luster was then Captain Luster, still in a managerial and decision-making position, suspended Officer Estrella for two (2) days because he went over his sick days three years consecutively despite Officer Estrella's life-threatening conditions, doctor's notes, and medical records.

31. Since Chief Luster has been in a managerial position and since becoming Chief in 2018, she has continuously harassed Officer Estrella. The harassment became continuous upon the release of the sergeant's promotional list in May of 2018. Chief Luster has continuously and maliciously harassed Officer Estrella with bogus disciplinary accusations and non-warranted suspension, while disproportionally not suspending nor creating similar bogus disciplinary accusations for officers that are not of the national origin from Dominican Republic.

32. Chief Luster with knowledge that should Officer Estrella have ongoing investigations, promotion would be denied by the civil service commission; chief Luster maliciously, intentionally, and knowingly initiated bogus and petty accusations against Officer Estrella with the motive to prevent Officer Estrella from being promoted. While Officers that are not of the national origin from the Dominican Republic were not subject to the disparate treatment of continuous harassment with the bogus and petty accusations. Even when other Officers that are not from the national origin of Dominican Republic had serious allegations against them.

33. Chief Luster's harassing nature and discrimination were intentionally, knowingly, and purposely conducted.

## **COUNT ONE**

### *Violation of Title VII of the Civil Rights Act of 1964*

34.  Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

35. Defendants violated Title VII of the Civil Rights Act of 1964 by subjecting him to disparate treatment because of his skin tone and national origin.

36. As a direct and proximate result of defendants' unlawful discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, plaintiff has suffered and continues to suffer financial and economic damages and losses, severe mental anguish, psychological injuries and statutorily recognized emotional distress including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to career, harm to reputation, and other such damages compensable under Title VII of the Civil Rights Act of 1964.

37. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the Title VII of the Civil Rights Act of 1964, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages. The violative conduct of the defendants has caused immediate irreparable damages to the Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

     a.   An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

b.  An order directing defendant to remove all reports from the
    Plaintiff's personal file made in furtherance to defendant's
    unlawful conduct;

c.  An order directing defendant to return all days taken for the
    suspensions on Plaintiff's record as a result of defendant's
    unlawful conduct;

d.  An order directing defendants to place plaintiff in the
    position he would have occupied but for Defendant's
    discriminatory and/or otherwise unlawful treatment of him,
    as well as to take such affirmative action as is necessary to
    ensure that the effects of these unlawful employment
    practices and other unlawful conduct are eliminated and do
    not continue to affect Plaintiff;

e.  An award of damages in an amount to be determined at
    trial, plus prejudgment interest, to compensate Plaintiff for
    all monetary and/ economic damages, including, but not
    limited to, the loss of past and future income, wages,
    compensation, job security and other benefits of
    employment;

f.  An award of damages in an amount to be determined at
    trial, plus prejudgment interest, to compensate Plaintiff for
    all non-monetary and/or compensatory damages, including
    but not limited to, compensation for his severe mental

anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

g.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

h.  An award of Consequential damages;

i.  An award of punitive damages;

j.  An award of attorneys' fees with enhancement;

k.  An award of Costs that Plaintiff has incurred in this action;

l.  Pre-judgment and post-judgment interest; and

m.  Such other relief as the Court may deem equitable and just.

## **COUNT TWO**

### **Violation of the New Jersey Law Against Discrimination**

38. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

39. Defendants have discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting him to disparate treatment because of his skin tone and national origin.

40. As a direct and proximate result of defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, plaintiff has suffered and continues to suffer financial and economic damages and losses, severe mental anguish and statutorily recognized emotional distress including but not limited to depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to career, harm to reputation, and other such damages compensable under the New Jersey Law Against Discrimination.

41. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a.   An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

b.   An order directing defendant to remove all reports from the Plaintiff's personal file made in furtherance to defendant's unlawful conduct;

c.   An order directing defendant to return all days taken for the suspensions on Plaintiff's record as a result of defendant's unlawful conduct;

d.   An order directing defendants to place plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

e.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

f.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

g.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

h.  An award of Consequential damages;

i.  An award of punitive damages;

j.  An award of attorneys' fees with enhancement;

k.  An award of Costs that Plaintiff has incurred in this action;

l.  Pre-judgment and post-judgment interest; and

m.  Such other relief as the Court may deem equitable and just.

## COUNT THREE

### *Violation of 42 U.S.C. § 1983*

### *Violation of Equal Protection and Due Process*

42. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

### a. Equal Protection and Equal Opportunity under the law

43. Defendants are "persons" within the definition of the Federal Civil Act at 42 U.S.C. § 1983 and required to act pursuant to the requirements expressed therein.

44. Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

45. Defendants violated the provisions of 42 U.S.C. § 1983 by denying Plaintiff the equal protection and equal opportunity of the laws in violation of the Fourteenth Amendment. The individual defendants acted under the color of law in denying Plaintiff equal protection of the laws and discriminating him and subjecting him to disparate treatment on the basis of the color of his skin and his national origin.

46. As a direct and proximate result of defendants' unlawful discriminatory conduct in violation of plaintiff's constitutional right of equal protection under the fourteen amendment 42 U.S.C. § 1983, plaintiff has suffered and continues to suffer financial and economic damages and losses, severe mental anguish and statutorily recognized emotional distress including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to career, harm to reputation, and other such damages compensable.

47. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of Plaintiff's equal protection under the fourteen amendment 42 U.S.C. § 1983, was

13

outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### b. Due Process

48. Defendants are "persons" within the definition of the Federal Civil Act at 42 U.S.C. § 1983 and required to act pursuant to the requirements expressed therein.

49. Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

50. Plaintiff has a protected interest in property in his promotion to sergeant.

51. Plaintiff has a property right to his continued employment and its prerequisites, including, but not limited to, a fair and impartial promotional process, the right to be fairly considered for promotion based on merit and fitness and not to be denied promotion based on discrimination and harassment and decision made arbitrarily and capriciously.

52. Defendants violated the provisions of 42 U.S.C. § 1983 by denying Plaintiff of due process in violation of the Fourteenth Amendment and under the equal protection clause.

53. On or about September of 2021, defendant, Mayor of Union City, held a meeting with Officer Estrella in which he informed Officer Estrella that he in fact would be promoted. Mayor Stack hugged Officer Estrella and shook his hand. There was a mutual understanding that Officer Estrella would in fact be promoted.

54. The individual defendants acted under the color of law in denying Plaintiff a promotion after informing Plaintiff that he in fact would be promoted and hugging and shaking his hand as a result of Plaintiff upcoming promotion.

55. Plaintiff pursuant to his employment contract and the words coming from the Mayor of Union City, is entitled to the promotion. Plaintiff relied on the defendant to his own determent.

56. On February 24th, 2022, defendant emailed a notice officially announcing the promotion to sergeant of two officers whom are not of the national origin of Dominican Republic.

57. As a direct and proximate result of defendants' unlawful conduct in violation of plaintiff's constitutional right of due process under the fourteen amendment 42 U.S.C. § 1983, plaintiff has suffered and continues to suffer financial and economic damages and losses, severe mental anguish and statutorily recognized emotional distress including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to career, harm to reputation, and other such damages compensable.

58. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of Plaintiff's due process rights under the fourteen amendment 42 U.S.C. § 1983, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a. An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

b. An order directing defendant to remove all reports from the Plaintiff's personal file made in furtherance to defendant's unlawful conduct;

15

c. An order directing defendant to return all days taken for the suspensions on Plaintiff's record as a result of defendant's unlawful conduct;

d. An order directing defendants to place plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

e. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

f. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-

16

confidence and personal dignity, and emotional pain and

suffering and any other physical or mental injuries;

g.  An award of damages for any and all other monetary and/or

non-monetary losses suffered by Plaintiff in an amount to be

determined at trial, plus prejudgment interest;

h.  An award of Consequential damages;

i.  An award of punitive damages;

j.  An award of attorneys' fees with enhancement;

k.  An award of Costs that Plaintiff has incurred in this action;

l.  Pre-judgment and post-judgment interest; and

m.  Such other relief as the Court may deem equitable and just.


## COUNT FOUR

### *Breach of Contract/ Breach of Promise*

59. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

60. Plaintiff is a member of the New Jersey State Policemen's Benevolent Association Union

City Local Number 8.

61. As a result, Plaintiff is entitled to the protection offered by the contract that Defendants

has with New Jersey State Policemen's Benevolent Association.

62. Defendant, has knowingly, maliciously, and intentionally violated Article VI of the

contract.

63. Article VI prohibits Defendant from discriminating against any employee because of

race, creed, color, religion, sex, nation origin or political affiliation. Defendant has

violated this article by discriminating against Plaintiff based on national origin and skin to by disparate treatment and disproportionally promoting light skin tone officers not from the Dominican Republic.

64. Defendant further violated Article XI section B of the agreement purposely, maliciously and intentionally violated the Plaintiff's rights as described in Article XI with the intent to harass Plaintiff.

65. Defendants' unlawful discriminatory and harassing conduct constitutes a willful and wanton breach of contract.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a. An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

b. An order directing defendant to remove all reports from the Plaintiff's personal file made in furtherance to defendant's unlawful conduct;

c. An order directing defendant to return all days taken for the suspensions on Plaintiff's record as a result of defendant's unlawful conduct;

d. An order directing defendants to place plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment

practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

e.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

f.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

g.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

h.  An award of Consequential damages;

i.  An award of punitive damages;

j.  An award of attorneys' fees with enhancement;

k.  An award of Costs that Plaintiff has incurred in this action;

19

l.   Pre-judgment and post-judgment interest; and

m.  Such other relief as the Court may deem equitable and just.

## **COUNT FIVE**

### ***Legal Misrepresentation/Fraud***

66. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

67. Mayor Stack, intentionally and knowingly represented to Officer Estrella that he in fact would be promoted.  To induce Officer Estrella into believing he would get promoted. Officer Estrella relied on Mayor Stack's representation to his detriment. The misrepresentation of Mayor Stack was made knowingly that it was false and to induce Officer Estrella into accepting a settlement into the bogus accusation and suspension that he is challenging. Defendant Stack made promises concerning Officer Estrella's promotion, compensation, and work conditions while knowing these promises were false and would not be fulfilled.

68. Defendant, Chief Luster in turn, knowingly represented to Officer Estrella, that it was in fact Defendant, Brian Stack who was against his promotion.

69. Nevertheless, at a later date she then stated that it was in fact herself whom did not want to promote him. One of them or both lied and misrepresented the true nature of their opposition to his promotion based on color of the skin and national origin and both fraudulently concealed their opposition in violation of civil rights of the plaintiff. Further, Defendants maliciously made the misrepresentation with blatant disregard of Plaintiff's rights, with intent to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil and due process rights.

70. Defendants made the above misrepresentations with the intention that Officer Estrella would rely on such misrepresentation, in order to entice Officer Estrella not to file any legal course of action and to run the statute of limitations on any legal actions in which Plaintiff is entitled.

71. As a direct and proximate result of these actions, Officer Estrella has sustained damaged to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

    a. An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

    b. An order directing defendant to remove all reports from the Plaintiff's personal file made in furtherance to defendant's unlawful conduct;

    c. An order directing defendant to return all days taken for the suspensions on Plaintiff's record as a result of defendant's unlawful conduct;

    d. An order directing defendants to place plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

e.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

f.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

g.   An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

h.   An award of Consequential damages;

i.   An award of punitive damages;

j.   An award of attorneys' fees with enhancement;

k.   An award of Costs that Plaintiff has incurred in this action;

l.   Pre-judgment and post-judgment interest; and

m.   Such other relief as the Court may deem equitable and just.

## COUNT SIX

### *Employment Harassment*

72. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

73. Defendants have engaged in the continuous harassment of Officer Estrella, including but not limited to, the failure to promote him, hostile work environment, disparate treatment, unfavorable assignments, bogus internal affairs investigation, threats of discipline, unreasonable suspensions, unsupported suspensions, and other adverse employment actions.

74. Since Defendant, Chief Luster has been in the managerial position she has assisted and contributed to the continuous harassment Officer Estrella has been subjected too. Chief Luster has been involved in all the decision-making to all of the discriminatory actions taken upon Officer Estrella, from disability discrimination to the continuous bogus merit-less suspension Officer Estrella has been subjected too.

75. Defendants are liable to the continuous harassment Officer Estrella has been subjected too. Defendants are responsible for the actions of their employees/agents/officials pursuant to the doctrine of *Respondeat Superior*. Moreover, the custom, policy and practices of the employer caused Plaintiff harm.

76. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of Plaintiff's against employment harassment. Defendants' actions were outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a.  An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

b.  An order directing defendant to remove all reports from the Plaintiff's personal file made in furtherance to defendant's unlawful conduct;

c.  An order directing defendant to return all days taken for the suspensions on Plaintiff's record as a result of defendant's unlawful conduct;

d.  An order directing defendants to place plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

e.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

f.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for

24

all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

g.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

h.  An award of Consequential damages;

i.  An award of punitive damages;

j.  An award of attorneys' fees with enhancement;

k.  An award of Costs that Plaintiff has incurred in this action;

l.  Pre-judgment and post-judgment interest; and

m.  Such other relief as the Court may deem equitable and just.

## COUNT SEVEN

### *Intentional Infliction of Emotional Distress*

77. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

78. As set forth in preceding paragraphs, Plaintiff was subject to multiple adverse employment actions, including, but not limited to, disparate treatment, harassment, a hostile work environment, failure to properly investigate allegations as required by the Internal Affairs policy and procedures as directed by the Attorney General's directive

2019-5, petty acts of harassment, a promotional bypass, illegitimate suspensions, disability discrimination, and other adverse employment decisions.

79. Defendants intentionally imposed verbal and mental abuse on Plaintiff, forced him to abusive and embarrassing work environment, and caused him to suffer severe mental and emotional distress. As a direct, foreseeable, and proximate result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer damages, including but not limited to, severe emotional distress, humiliation, embarrassment, physical harm, and severe anxiety manifesting itself in physical and psychological symptoms.

80. All of the Defendants actions were intentionally, maliciously, and/or in gross and wonton disregard of the safety and well-being of Plaintiff, caused Plaintiff to sustain severe emotional upset and injury.

81. Defendants are responsible for the actions of their employees/agents/officials pursuant to the doctrine of *Respondeat Superior*. Moreover, the custom, policy and practices of the employer caused Plaintiff harm.

82. Defendants' acts were discriminatory, wrongful, without basis in law or in fact, arbitrary, capricious, unconscionable, contrary to constitutional law and otherwise erroneous.

83. As a direct result of the Defendants' wrongful actions, Plaintiff has been deprived of employment rights and other rights, has been denied a permanent promotion, and has lost wages, pension and seniority benefits, and other emoluments of the position. Plaintiff has sustained injuries to his reputation and employability. Plaintiff has also suffered emotional distress, psychological injuries, pain and suffering that have required, still requires, and will require medical attention.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

a. An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

b. An order directing defendant to remove all reports from the Plaintiff's personal file made in furtherance to defendant's unlawful conduct;

c. An order directing defendant to return all days taken for the suspensions on Plaintiff's record as a result of defendant's unlawful conduct;

d. An order directing defendants to place plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

e. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

f. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for

27

all non-monetary and/or compensatory damages, including
but not limited to, compensation for his severe mental
anguish and emotional distress, humiliation, depression,
embarrassment, stress and anxiety, loss of self-esteem, self-
confidence and personal dignity, and emotional pain and
suffering and any other physical or mental injuries;

g.  An award of damages for any and all other monetary and/or
non-monetary losses suffered by Plaintiff in an amount to be
determined at trial, plus prejudgment interest;

h.  An award of Consequential damages;

i.  An award of punitive damages;

j.  An award of attorneys' fees with enhancement;

k.  An award of Costs that Plaintiff has incurred in this action;

l.  Pre-judgment and post-judgment interest; and

m.  Such other relief as the Court may deem equitable and just.

## **<u>COUNT EIGHT</u>**

### ***<u>Retaliation</u>***

84. Plaintiff repeats all of the foregoing allegations as if fully set forth herein.

85. Defendant violation the (New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et
seq., by retaliating against Plaintiff for opposing the discrimination to which he was
subjected by unfairly instituting and pursuing a baseless internal affairs charge against
Plaintiff.

86. As a result of defendants' unlawful conduct, plaintiff has suffered and continues to suffer economic losses, statutorily recognized emotion distress, harm to career, harm to reputation, and other such damages compensable under the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff demands judgment against defendants for the following:

        a.  An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

        b.  An order directing defendant to remove all reports from the Plaintiff's personal file made in furtherance to defendant's unlawful conduct;

        c.  An order directing defendant to return all days taken for the suspensions on Plaintiff's record as a result of defendant's unlawful conduct;

        d.  An order directing defendants to place plaintiff in the position he would have occupied but for Defendant's discriminatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

        e.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ economic damages, including, but not

limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

f.   An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

g.   An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

h.   An award of Consequential damages;

i.   An award of punitive damages;

j.   An award of attorneys' fees with enhancement;

k.   An award of Costs that Plaintiff has incurred in this action;

l.   Pre-judgment and post-judgment interest; and

m.   Such other relief as the Court may deem equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues of fact and damages stated herein.

Respectfully submitted,

Dated:  04/20/2022          LAW OFFICE OF YASMIN ESTRELLA, LLC

*/s/ Yasmin Estrella, Esq.*
Yasmin Estrella, Esq.


LAW OFFICE OF TOMAS ESPINOSA

*/s/ Tomas Espinosa, Esq.*
Tomas Espinosa


**CERTIFICATION PURSUANT TO R. 4:5-1 AND RULE 1:38-7(b)**

The undersigned hereby certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding. The undersigned hereby certifies that he knows of no other parties who should be joined in the action at this time.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule 1:38-7(b).*

Dated:  04/20/2022          LAW OFFICE OF YASMIN ESTRELLA, LLC

*/s/ Yasmin Estrella, Esq*
Yasmin Estrella, Esq.


LAW OFFICE OF TOMAS ESPINOSA

*/s/ Tomas Espinosa, Esq.*
Tomas Espinosa

## **VERIFICATION**

The undersigned, being duly sworn, deposes and says:

1. I am the plaintiff in the above-entitled action.

2. I have read the foregoing complaint and know the contents thereof.

3. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

/s/ ***Juan Estrella***
Juan Estrella

Sworn to and subscribed
before me this 20th April, 2022

***/s/ Yasmin Estrella, Esq.***
 Yasmin Estrella, Esq.
An attorney at Law in the State of New Jersey

# Civil Case Information Statement

**Case Details: PASSAIC | Civil Part Docket# L-000983-22**

**Case Caption:** ESTRELLA JUAN  VS UNION CITY POLICE
DE PARTMENT

**Case Initiation Date:** 04/20/2022

**Attorney Name:** YASMIN ESTRELLA

**Firm Name:** YASMIN ESTRELLA, ESQ

**Address:** 8512 KENNEDY BLVD. SUITE ONE
NORTH BERGEN NJ 07047

**Phone:** 2016812735

**Name of Party:** PLAINTIFF : Estrella, Juan

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Juan Estrella?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/20/2022                                                                          /s/ YASMIN ESTRELLA
Dated                                                                                        Signed

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505
                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 653-2910
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   APRIL 20, 2022
                         RE:     ESTRELLA JUAN  VS UNION CITY POLICE DE PARTMENT
                         DOCKET: PAS L -000983 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON BRUNO MONGIARDO


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (973) 653-2910 EXT 24234.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: YASMIN ESTRELLA
                              YASMIN ESTRELLA, ESQ
                              8512 KENNEDY BLVD. SUITE ONE
                              NORTH BERGEN      NJ 07047


ECOURTS

JUAN ESTRELLA

Plaintiff

vs

CITY OF UNION CITY, ET AL

Defendant

20220422093222

Superior Court Of New Jersey

PASSAIC Venue

Docket Number: PAS L 983 22

**Person to be served** (Name and Address):
BRIAN P. STACK INDIVIDUALLY AND AS MAYOR OF THE CITY OF UNION CITY
3715 PALISADE AVENUE
UNION CITY  NJ  07087
**By serving:** BRIAN P. STACK INDIVIDUALLY AND AS MAYOR OF THE CITY OF UNION CITY

**Attorney:** YASMIN ESTRELLA, ESQ.

**Papers Served:** SUMMONS, VERIFIED COMPLAINT, CERTIFICATION, VERIFICATION, TRACK ASSIGNMENT NOTICE

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time: ___4/22/2022 3:35 PM___          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

YDALIA GENAO

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:F___  AGE:21-35  HEIGHT: 5'0"-5'3"    WEIGHT: 100-130 LBS.    SKIN:OLIVE        HAIR:BROWN    OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:           Date/Time: _____
                                      Date/Time: _____
                                      Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____  _____
Name of Notary           Commission Expiration

**Docusign Court Approved E-Signature**

I, MARK SACRIPANTI,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*MARK SACRIPANTI*

_____  ___04/22/2022___
Signature of Process Server         Date

Name of Private Server: MARK SACRIPANTI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

DocuSign Envelope ID:

JUAN ESTRELLA

Plaintiff

vs

CITY OF UNION CITY, ET AL

Defendant

**Person to be served** (Name and Address):
NICHELLE LUSTER INDIVIDUAL CAPACITY AND AS CHIEF OF POLICE OF
THE CITY OF UNION CITY
3715 PALISADE AVENUE
UNION CITY  NJ  07087
**By serving:** NICHELLE LUSTER INDIVIDUAL CAPACITY AND AS CHIEF OF
POLICE OF THE CITY OF UNION CITY

**Attorney:** YASMIN ESTRELLA, ESQ.

**Papers Served:** SUMMONS, VERIFIED COMPLAINT, CERTIFICATION,
VERIFICATION, TRACK ASSIGNMENT NOTICE

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     4/22/2022 3:23 PM          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX:F___   AGE: 21-35   HEIGHT: 5'0"-5'3"   WEIGHT: 100-130 LBS.   SKIN: OLIVE   HAIR: BROWN   OTHER: GLASSES

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                                      Date/Time: _____
                                      Date/Time: _____

Other:

20220422093358

Superior Court Of New Jersey

PASSAIC Venue

Docket Number: PAS L 983 22

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

CARLA JARA

MANAGING AGENT

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____     _____
   Name of Notary              Commission Expiration

**Docusign Court Approved E-Signature**

I, MARK SACRIPANTI,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*MARK SACRIPANTI*
_____     04/22/2022
Signature of Process Server              Date

Name of Private Server: MARK SACRIPANTI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

20220422093513

JUAN ESTRELLA

Plaintiff

vs

CITY OF UNION CITY, ET AL

Defendant

Superior Court Of New Jersey

PASSAIC Venue

Docket Number: PAS L 983 22

**Person to be served** (Name and Address):
UNION CITY POLICE DEPARTMENT
3715 PALISADE AVENUE
UNION CITY  NJ  07087
**By serving:** UNION CITY POLICE DEPARTMENT

**Attorney:** YASMIN ESTRELLA, ESQ.

**Papers Served:** SUMMONS, VERIFIED COMPLAINT, CERTIFICATION,
VERIFICATION, TRACK ASSIGNMENT NOTICE

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     4/22/2022 3:24 PM          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

CARLA JARA

MANAGING AGENT

**Description of Person Accepting Service:**

SEX:F___   AGE:21-35   HEIGHT: 5'0"-5'3"   WEIGHT: 100-130 LBS.___   SKIN:OLIVE_____   HAIR:BROWN___   OTHER:GLASSES_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____     _____
    Name of Notary              Commission Expiration

**Docusign Court Approved E-Signature**

I, MARK SACRIPANTI,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*MARK SACRIPANTI*
_____     04/22/2022
Signature of Process Server              Date

Name of Private Server: MARK SACRIPANTI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

JUAN ESTRELLA

Plaintiff

vs

CITY OF UNION CITY, ET AL

Defendant

20220422092912

Superior Court Of New Jersey

PASSAIC Venue

Docket Number: PAS L 983 22

**Person to be served** (Name and Address):
CITY OF UNION CITY
3715 PALISADE AVENUE
UNION CITY  NJ  07087
**By serving:** CITY OF UNION CITY

**Attorney:** YASMIN ESTRELLA, ESQ.

**Papers Served:** SUMMONS, VERIFIED COMPLAINT, CERTIFICATION, VERIFICATION, TRACK ASSIGNMENT NOTICE

**Service Data:**     [X] Served Successfully          [ ] Not Served

 Date/Time:     4/22/2022 3:39 PM          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

BETTY ORELLANA

CLERK

**Description of Person Accepting Service:**

SEX:F___  AGE:51-65  HEIGHT: 5'0"-5'3"    WEIGHT: 100-130 LBS.    SKIN:WHITE        HAIR:BROWN    OTHER:GLASSES

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available
Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____   _____
     Name of Notary            Commission Expiration

**Docusign Court Approved E-Signature**

I, MARK SACRIPANTI,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*MARK SACRIPANTI*
_____   04/22/2022
Signature of Process Server              Date

Name of Private Server: MARK SACRIPANTI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

## Case Summary

**Case Number:** PAS L-000983-22

**Case Caption:** Estrella Juan Vs Union City Police Department

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Passaic | **Case Initiation Date:** 04/20/2022 |
| **Case Type:** Civil Rights | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** Bruno Mongiardo | **Team:** 1 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

### Plaintiffs
### Juan Estrella

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Tomas Espinosa |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 025691985 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** TE@LAWESPINOSA.COM | | |

### Defendants
### Union City

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Union City Police Department

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Nichelle Luster

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Brian P Stack

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 04/20/2022 | Complaint with Jury Demand for PAS-L-000983-22 submitted by ESTRELLA, YASMIN , YASMIN ESTRELLA, ESQ on behalf of JUAN ESTRELLA against UNION CITY POLICE DEPARTMENT, UNION CITY, BRIAN P STACK, NICHELLE LUSTER | LCV20221613350 | 04/20/2022 |
| 04/21/2022 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20221618125 | 04/21/2022 |
| 04/27/2022 | NOTICE OF APPEARANCE (NOT THE FIRST PAPER) submitted by ESPINOSA, TOMAS of TOMAS ESPINOSA on behalf of JUAN ESTRELLA against UNION CITY, UNION CITY POLICE DEPARTMENT, NICHELLE LUSTER, BRIAN P STACK | LCV20221687943 | 04/27/2022 |
| 04/27/2022 | PROOF OF SERVICE submitted by ESTRELLA, YASMIN of YASMIN ESTRELLA, ESQ on behalf of JUAN ESTRELLA against UNION CITY, UNION CITY POLICE DEPARTMENT, NICHELLE LUSTER, BRIAN P STACK | LCV20221690718 | 04/27/2022 |